IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EVERBANK COMMERCIAL FINANCE, INC.,** ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | Case No. 2:18-CV-00872-KOB |
| **TRAPP'S TOWING & RECOVERY SERVICES LLC, et al.,** ) ) ) | |
| **Defendants.** ) | |

## **MEMORANDUM OPINION**

This matter comes before the court on Plaintiff Everbank Commercial Finance, Inc.'s motion for default judgment against Defendant Trapp's Towing & Recovery Services LLC, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (Doc. 20). Everbank asserts that, because Trapp's Towing has failed to appear, Everbank is entitled to a default judgment ordering damages and possession of two trucks purchased with loans from Everbank. Because Everbank has offered uncontested evidence regarding its claims and damages, the court will GRANT Everbank's motion for default judgment.

### I.   FACTUAL BACKGROUND

Everbank is a commercial lender based in New Jersey who lent Trapp's Towing—a company located in Bessemer—more than $150,000 via two separate financing agreements so that Trapp's Towing could buy two trucks for its towing business. (Doc. 1). Travis Jones, the president of Trapp's Towing, acted as guarantor for the loans. The financing agreements contained provisions stating that if Trapp's Towing defaulted on the loans Everbank could seize the trucks as collateral and use any proceeds from the sale or disposition of the trucks to offset

1

Trapp's Towing's debt.  The agreements also contained standard guarantor language relating to Mr. Jones's obligation to make good on Trapp's Towing's debt should Trapp's Towing default on the loans.

Trapp's Towing defaulted on the loans.  After paying some installments, Trapp's Towing stopped making any payments in September 2017.  Everbank notified Trapp's Towing that it was in default in January 2018.  Everbank also apparently tried to repossess the collateral trucks on multiple occasions, but Trapp's Towing refused to cooperate.  According to Everbank, Trapp's Towing owes $114,569.90 on the loans.  (Doc. 20 at ¶ 10).

Everbank filed a complaint in this court, seeking possession of the trucks bought with the loans and joint and several liability from Trapp's Towing and Mr. Jones for the outstanding debt.  (Doc. 1).  Everbank also sought interest and attorneys' fees.

Neither Trapp's Towing nor Mr. Jones has appeared in this case.  After an initial clerk's entry of default that this court set aside for insufficient service, Everbank personally served both Trapp's Towing and Mr. Jones and subsequently moved for an entry of default.  (Docs. 16–18).  The Clerk of Court entered a default on October 17, 2019.  (Doc 18; doc. 19).  Now Everbank has moved for a default judgment, pursuant to Fed. R. Civ. P. 55(b), solely against Trapp's Towing because Mr. Jones is in bankruptcy proceedings.  (Doc. 20).

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(b) allows the court to enter a default judgment against a defendant because of the defendant's failure to appear or defend.  Fed. R. Civ. P. 55(b).  "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

**III.  DISCUSSION**

Everbank seeks a default judgment against Trapp's Towing for the total amount of Trapp's Towing's indebtedness, prejudgment interest, reasonable attorneys' fees, and writs of attachment for the trucks securing Trapp's Towing's loans, which Everbank will sell or otherwise dispose of to offset Trapp's Towing's indebtedness. (Doc 20). Everbank has attached the financing agreements for the loans at issue, an affidavit from an Everbank vice president, and an affidavit from one of the attorneys on the case to establish a factual basis for all of its alleged damages. Because of Trapp's Towing's failure to appear or defend, the court finds a default judgment appropriate. Fed. R. Civ. P. 55(b). Furthermore, Everbank has provided a legal and factual basis for its claims and its calculation of damages that supports the entry of default judgment.

Alabama law recognizes the right of parties to choose what law will govern a contractual agreement. *Morse v. Life Ins. Co. of N. Am.*, 399 F. Supp. 3d 1236, 1241–42 (N.D. Ala. 2019) (citing *Polaris Sales, Inc. v. Heritage Imports, Inc.*, 879 So. 2d 1129, 1133 (Ala. 2003)). The financing agreements in this case contain a choice-of-law provision invoking New Jersey law, so New Jersey law governs. *See id.*; (Doc. 20 at ¶ 11).

Under New Jersey law, Everbank has sufficiently demonstrated a breach of contract with its uncontested allegations and evidence that Trapp's Towing defaulted on its loans under the terms of the financing agreements and refused to surrender the trucks. *See Red Roof Franchising, LLC v. Patel*, 877 F. Supp. 2d 124, 131 (D.N.J. 2012), *aff'd*, 564 F. App'x 685 (3d Cir. 2014) (stating that, under New Jersey law, a plaintiff must prove the existence of a valid contract, performance, breach, and damages to succeed in an action for breach of contract). Everbank's allegations of default support recovery for breach of contract in this case.

The court finds that New Jersey law provides a basis for Everbank's claims for liquidated damages for Trapp's Towing's indebtedness and for possession of the trucks that served as collateral for the loans. Under New Jersey law, a plaintiff in a breach of contract suit can recover reasonably foreseeable compensatory damages. *Totaro, Duffy, Cannova & Co., L.L.C. v. Lane, Middleton & Co., L.L.C.*, 921 A.2d 1100, 1107 (2007). The court's goal in awarding these compensatory damages is "to put the injured party in as good a position as if performance had been rendered." *Id.* at 1108 (quoting *Donovan v. Bachstadt,* 91 N.J. 434, 444 (1982)).

Because Everbank loaned Trapp's Towing money under an agreement and the money then went unrepaid, the court finds that damages covering the amount of Trapp's Towing's outstanding debt (plus interest) puts Everbank in as good a position as if performance had been rendered. Further, because Everbank states that it will use the proceeds from the sale of the collateral trucks to offset the liquidated debt and because possession of the trucks will make overall recovery for Everbank more likely, the court also finds merit in Everbank's argument of entitlement to the trucks that served as collateral for the loans. Therefore, the court finds that Everbank has shown entitlement to $114,569.90 in liquidated damages, to be offset by any proceeds from the disposition of the collateral trucks.

New Jersey law also supports Everbank's claims and calculations for additional damages. Under New Jersey law, a court can award prejudgment interest in contract cases based on equitable principles. *Gleason v. Norwest Mortg., Inc.*, 253 F. App'x 198, 204 (3rd Cir. 2007) (citing *County of Essex v. First Union National Bank*, 891 A.2d 600, 608 (2006)). When considering the equities, "absent unusual circumstances, courts look to New Jersey Court Rule 4:42–11 for guidance as to the appropriate prejudgment interest rate." *Kerns v. Logicworks Sys. Corp.*, No. CIV. 12-04146 WHW, 2015 WL 4548733, at *2 (D.N.J. July 28, 2015).

Because Everbank has been deprived of the proceeds of its loans for a significant amount of time, the court finds the award of prejudgment interest equitable. Everbank included the interest rates as set forth in New Jersey Court Rule 4:42–11 in the exhibits to its motion for default judgment and used those numbers to calculate its request for prejudgment interest. (Doc. 20). Accordingly, the court accepts Everbank's unrefuted calculations and finds that Everbank is entitled to $7,931.98 in prejudgment interest.

Additionally, courts can enforce attorneys' fees clauses in contracts under New Jersey law. *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC,* No. 11–896, 2012 WL 924385, at *7 (D.N.J. March 19, 2012) (stating that "Attorneys' fees clauses are enforceable in New Jersey" and awarding attorneys' fees and costs based on a contract). The financing agreements in this case state that, should Trapp's Towing default on the loans, Trapp's Towing will be responsible for reasonable attorneys' fees and costs accrued while enforcing Everbank's rights. Everbank provides unrefuted details of its attorneys' fees and their reasonableness via affidavit. Based on those facts, the court accepts Everbank's request for attorney's fees amounting to $64,287.54.

### IV.   CONCLUSION

Because of Trapp's Towing's failure to appear or respond in this case, the court GRANTS Everbank's motion for default judgment. The court finds that Everbank is entitled to liquidated damages and possession of the two trucks that secured the loans to Trapp's Towing. The court ORDERS Trapp's Towing to surrender the trucks to Everbank and to pay Everbank a total of $186,789.42 in liquidated damages—the sum of Trapp's Towing's indebtedness, prejudgment interest, and reasonable attorneys' fees—to be offset by any proceeds from the disposition of the trucks after Everbank reclaims them. Should Trapp's Towing fail to surrender

the trucks, Everbank may request writs of attachment pursuant to Federal Rule of Civil Procedure 70, which governs enforcement of a judgment for a specific act.

The court DIRECTS the Clerk to mail a copy of this Memorandum Opinion and accompanying Order to the Defendant at the place of business where it was served. The court will enter a separate Order consistent with this Opinion.

**DONE** and **ORDERED** this 15th day of April, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE